**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

PRIMETIME ENTERTAINMENT
HOLDINGS LLC, a Florida Limited Liability
Company,

CASE No.: 1:19cv24080

              Plaintiff,

vs

PRIMETIME AMUSEMENTS, LLC, a
Georgia Limited Liability Company,

              Defendant,

_____/

## COMPLAINT

COMES NOW, the Plaintiff, PRIMETIME ENTERTAINMENT HOLDINGS LLC, (hereinafter "Plaintiff"), by and through its undersigned counsel, brings this action against Defendant, PRIMETIME AMUSEMENTS, LLC, (hereinafter "Defendant") for the Defendant's acts of trademark infringement, unfair competition, and trademark dilution. In support thereof, Plaintiff alleges as follows:

### NATURE OF THIS ACTION

1.     This is an action for federal trademark infringement in violation of the Federal Trademark Act, 15 U.S.C. § 1114(1); federal unfair competition in violation of the Federal Trademark Act, 15 U.S.C. § 1125(a); and federal trademark dilution in violation of the Federal Trademark Dilution Act, 15 U.S.C. § 1125(c).

### PARTIES, JURISDICTION AND VENUE

2.     Plaintiff, PRIMETIME ENTERTAINMENT HOLDINGS LLC, is a Florida limited liability company, with its principal place of business at 5300 Powerline Road, Ste 210, Ft. Lauderdale, FL 33309.

Simply **Legal**
1200 Brickell Avenue, Suite 850, Miami, FL 33131 • Tel (305) 858-6208 • Fax (305) 851-0026

3.      Defendant, Primetime Amusements, LLC, is a Georgia limited liability company, with its principal place of business at 1709-A #379 Gronto Rd, Valdosta, Georgia 31601.

4.      This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a).

5.      This Court has jurisdiction over Defendant in that Defendant is located in this judicial district, or transacts business in this judicial district, and the Defendant has committed tortious acts in this district.

6.      Venue is proper in this district under 28 U.S.C. § 1391.

7.      Plaintiff has retained the law firm of SIMPLY LEGAL in connection with the filing of the instant action and has promised to pay counsel a reasonable fee for their services.

8.      All conditions precedent for bringing this action have been fully performed, waived or have otherwise been excused.

## PRIMETIME ENTERTAINMENT HOLDINGS LLC'S MARK

9.      Since 1992, Plaintiff has been a prominent operator, seller, and event renter of video arcade machines and simulators which, together with its affiliates, has expanded its operations globally.

10.     Due to its 27-year history, Plaintiff has developed global name recognition and good will. Plaintiff has used and continued to use the trade name Primetime Amusements, both alone and in connection with other words or designs with respect to entertainment, amusement, and recreation of people.

11.     To enhance and give public notice of its trademark rights, Plaintiff obtained federal trademark registrations for its trademark on July 30, 2019, for class 41, entertainment, amusement, and recreation of people, which have been in continuous use since December 1, 1999.

Simply **Legal**
1200 Brickell Avenue, Suite 850, Miami, FL 33131 • Tel (305) 858-6208 • Fax (305) 851-0026

12.     Plaintiff, PRIMETIME ENTERTAINMENT HOLDINGS LLC, registered mark includes the following, in addition to common law rights stemming from Plaintiff's extensive use of its "PRIMETIME AMUSEMENTS" mark for many years:

| Mark/Name | Reg. No | Registration Date |
|---|---|---|
| PRIMETIME AMUSEMENTS | 5,821,694 | July 30, 3019 |

Hereinafter referred to "Primetime Mark." Registration Certificate attached hereto as "Exhibit A."

13.     In addition to its registration rights, Plaintiff has strong common-law rights in the Primetime Mark by virtue of the extensive prior use and promotion of this mark in commerce and Plaintiff status as the senior user of this mark.

14.     The Primetime Mark serve as unique source identifiers for Plaintiff and its various entertainment, amusement, and recreation products and services and has become famous within the industry.

15.     Plaintiff has invested substantial capital in advertisement and marketing in order to build fame, reputation, and goodwill of the Primetime Mark and to that end has been featured in several industry specific publications including Vending 45 Times, and RePlay, and Play Meter.

16.     Plaintiff advertises through a variety of media, including television, radio, newspapers, magazines, direct mail, and in telephone directories across the country.

17.     Plaintiff also promotes its products and services via its own websites, through advertising in magazines, trade publications, and on the websites of third parties.

18.     Through Plaintiff's longstanding use of the Primetime Mark and promotional activities related to it, and due to its widespread and favorable public acceptance and recognition,

Simply **Legal**
1200 Brickell Avenue, Suite 850, Miami, FL 33131 • Tel (305) 858-6208 • Fax (305) 851-0026

the Primetime Mark has become a distinctive designation of the source of origin of Plaintiff's goods and services.

19.      Plaintiff uses the Primetime Mark in connection with a variety of different entertainment, amusement, and recreation goods and services, which broadly encompass and include the operation of amusement, video and virtual reality arcades, services associated with amusement, video, and virtual reality arcades, including but not limited to sale, and rental of video arcade machines and simulators, among other goods and services.

20.      The Primetime Mark has become uniquely associated with Plaintiff and its high-quality goods and services. This mark is an asset of incalculable value as a symbol of Plaintiff, its quality goods and services, and its goodwill.

21.      By virtue of its extensive use and promotion over the years, the Primetime Mark has developed valuable distinctiveness and secondary meaning in the marketplace. The mark has achieved a significant and lasting presence in the marketplace, causing the mark to achieve high recognition and value among consumers.

22.      The Primetime Mark is "famous" within the meaning of the dilution provisions of the Lanham Act, 15 U.S.C. § 1125(c); moreover, the Primetime Mark became famous prior to Defendant's first use of their mark and prior to the unlawful acts complained of herein.

23.      As a result of Plaintiff's extensive advertising and promotional efforts and its continuous use of the Primetime Mark, the mark is famous and distinctive and are widely recognized by the general consuming public of the United States as a designation of source of the involved goods and services.

## DEFENDANT'S USE OF THE PRIMETIME MARK

24.      Plaintiff has recently learned that Defendant has infringed the Primetime Mark.

Simply **Legal**
1200 Brickell Avenue, Suite 850, Miami, FL 33131 • Tel (305) 858-6208 • Fax (305) 851-0026

25.     As can be seen, Defendant's Mark, (hereinafter "Infringing Mark") uses the same text as those used by Plaintiff's Primetime Mark:

                    

Plaintiff's Mark above                    Infringing Mark Above

26.     This logo is used, among other places, on Defendant's website located at http://primetimeamusementsllc.com, which promotes Defendant's services in connection with the Infringing Mark. Copies of excerpts from the website http://primetimeamusementsllc.com, accessed on September 18, 2019, are attached hereto as Exhibit B.

27.     As demonstrated by the descriptions on Defendant's website, the Defendant is using the Infringing Mark in interstate commerce in connection with its business of operation and rental of carnival rides, carnival games, and food stands across several states.  Copies of excerpts from the website http://primetimeamusementsllc.com, accessed on September 18, 2019, are attached hereto as Exhibit C.

28.     The Infringing Mark is also placed on the Defendant's rides, food stand, and midway. Copies of photographs of the Infringing Mark on Defendant's attractions taken from the Defendant's website http://primetimeamusementsllc.com, accessed on September 18, 2019 are attached here to as Exhibit D.

29.     Defendant's conduct, as herein pled, is likely to cause confusion, to cause mistake, or to deceive the relevant public and the trade, into believing that Defendant or its services originate with or are related to Plaintiff, or are licensed by, sponsored or approved by, connected with, or associated or affiliated with Plaintiff, when this is not the case.

Simply **Legal**
1200 Brickell Avenue, Suite 850, Miami, FL 33131 • Tel (305) 858-6208 • Fax (305) 851-0026

30.     One such example of confusion occurred when the Plaintiff was contacted in error by Birmingham Real-Time News for comment in connection with a tragic death of one of Defendant's employees, a carnival ride operator, while attempting to repair faulty equipment operated by the Defendant. The Birmingham Real-Time News indicated in its story publish on 04/26/2018 that, "The Alexander City Fair is run by the Florida based Primetime Amusements. Efforts to reach them for a statement on the worker's death weren't immediately successful, but Knox said they have an excellent safety record." Defendant is not Florida based but rather a Georgia corporation thus referring to Plaintiff.

31.     Another such example is an article published by The Daily Advocate, on 01/20/2018 which provided that "The Darke County Fair Board voted unanimously to approve a contract with Tampa, Florida-based company Prime Time Amusements, LLC at a special meeting Wednesday night." Once again, the article indicates that the Defendant is a Florida based company rather than a Georgia based corporation. The Article then goes through a litany of dissatisfied posts on the Darke County Fair Board's Face Book account voicing various community member's dissatisfaction with the decision because "According to an article on the Raleigh, North Carolina-based news site WRAL from March of 2016, former Family Attractions Amusements manager Joshua Gene Macaroni (now partnered with Prime Time Amusements) was sentenced to 30 days in jail after pleading guilty to charges related to an incident where members of a family were injured on one of Macaroni's rides."

32.     The foregoing examples highlight some of the damaging confusion caused by Defendant's confusingly similar mark in the same category as the Plaintiff to wit entertainment, amusement, and recreation of people.

Simply **Legal**
1200 Brickell Avenue, Suite 850, Miami, FL 33131 • Tel (305) 858-6208 • Fax (305) 851-0026

33.     On July 16, 2019, the Plaintiff gave the Defendant notice of their infringement via letter delivered via private mail service, which is attached hereto as Exhibit E.

34.     The Defendant has refused to comply with the Plaintiff's demands and continues to willfully infringe on Plaintiff's trademark.

## FEDERAL TRADEMARK INFRINGEMENT
### (Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1))

35.     Plaintiff repeats and realleges each and every allegation of Paragraphs 1 through 34 above, as if set forth herein.

36.     Defendant utilized the Plaintiff's Primetime Mark in commerce without the Plaintiff's consent.

37.     Defendant's actions and use of the Plaintiff's Primetime Mark, as described above, are likely to cause confusion, or to cause mistake, or to deceive consumers as to the origin, sponsorship or approval of Defendants' goods and services and related commercial activities, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

38.     Plaintiff has no adequate remedy at law.

39.     By virtue of their aforementioned acts, Defendant has violated Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

## COUNT II
## FEDERAL UNFAIR COMPETITION
### Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

40.     Plaintiff repeats and realleges each and every allegation of Paragraphs 1 through 34 above, as if set forth herein.

41.     Defendant's actions, as described above, constitute use of a false designation of origin, or a false representation, which wrongfully and falsely designates the origin of Defendant's goods and services and related commercial activities as originating from or being approved by

Simply **Legal**
1200 Brickell Avenue, Suite 850, Miami, FL 33131 • Tel (305) 858-6208 • Fax (305) 851-0026

Plaintiff, and thereby constitute a false description or representation used in interstate commerce in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

42.     Plaintiff has no adequate remedy at law.

43.     By virtue of its aforementioned acts, Defendant has violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

<div align="center">

**COUNT III**
**FEDERAL TRADEMARK DILUTION**
**Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(c)**

</div>

44.     Plaintiff repeats and realleges each and every allegation of Paragraphs 1 through 34 above, as if set forth herein.

45.     The Primetime Mark is famous and highly recognized by the general consuming public, and were famous and highly recognized by the general consuming public before Defendant's first use of their mark and before the actions complained of herein.

46.     Defendant's actions, as described above, dilute and are likely to continue to dilute the distinctiveness of the Primetime Mark.

47.     Plaintiff has no adequate remedy at law.

48.     By virtue of its aforementioned acts, Defendant has violated the Federal Trademark Dilution Act, 15 U.S.C. § 1125(c).

**WHEREFORE**, Plaintiff, PRIMETIME ENTERTAINMENT HOLDINGS LLC**,** demands:

1.      That Defendant and its officers, agents, servants, employees, licensors, licensees, attorneys, successors, related companies, parent companies, and assigns, and all those in active concert or participation with them, be forthwith preliminarily and thereafter permanently enjoined and restrained from:

Simply **Legal**
1200 Brickell Avenue, Suite 850, Miami, FL 33131 • Tel (305) 858-6208 • Fax (305) 851-0026

     a.  Using or registering the Primetime Mark, or any confusingly similar mark or designation, in connection with the marketing, promotion and sale of goods or services;

     b.  Engaging in any conduct that is likely to induce the mistaken belief that Defendant's goods or services are in any way approved or sponsored by, or affiliated with, Plaintiff;

2.    That Plaintiff be awarded monetary relief in an amount to be fixed by the Court in

its discretion as just, including:

     a.  All profits received by Defendant from sales and revenues of any kind made as a result of its infringement;

     b.  All damages sustained by Plaintiff as a result of Defendant's acts of infringement, and unfair competition;

     c.  Statutory damages as permitted;

     d.  That, because of the exceptional nature of this case resulting from Defendant's deliberate infringement, this Court award to Plaintiff all reasonable attorneys' fees, costs and disbursements incurred as a result of this action, pursuant to 15 U.S.C. § 1117; and

3.    That Plaintiff shall have such other and further relief as this Court may deem just

and proper.

## JURY DEMAND

Plaintiff hereby demands trial by jury on all issues so triable.

Simply **Legal**
1200 Brickell Avenue, Suite 850, Miami, FL 33131 • Tel (305) 858-6208 • Fax (305) 851-0026

## <u>RESERVATION OF RIGHTS</u>

Plaintiff reserves, upon completion of investigation and discovery, to assert such additional

claims and join such additional Defendants as may be just and equitable under the circumstances.

Respectfully Submitted,

/s/Maria Jose Granados-Godoy, Esq.
MARIA JOSE GRANADOS-GODOY, ESQ.
Florida Bar No. 67934
Attorney for Plaintiff

**<u>SIMPLY LEGAL</u>**
1200 Brickell Avenue, Ste 850
Miami, FL 33131
Tel: (305) 858-6208
Fax: (305) 851-0026
mj@simplylegalgroup.com

# Exhibit A

# Exhibit B

# Exhibit C

# Exhibit D

# Exhibit E

# Exhibit A

# United States of America
## United States Patent and Trademark Office

# PRIMETIME AMUSEMENTS

**Reg. No. 5,821,694**

**Registered Jul. 30, 2019**

**Int. Cl.: 41**

**Service Mark**

**Principal Register**

Primetime Entertainment Holdings LLC  (FLORIDA LIMITED LIABILITY COMPANY)
5300 Powerline Road, Suite 210
Fort Lauderdale, FLORIDA 33309

CLASS 41: Amusement arcade services; Amusement arcades; Providing amusement arcade services; Video arcade services; Virtual reality arcade services

FIRST USE 12-1-1999; IN COMMERCE 12-1-1999

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

No claim is made to the exclusive right to use the following apart from the mark as shown: "AMUSEMENTS"

SER. NO. 88-271,617, FILED 01-22-2019



Director of the United States
Patent and Trademark Office

# Exhibit B





**MENU**



**We're sorry - no upcoming events were found. Please check back soon**

VIEW MORE >

# EXPLORE PRIMTETIME AMUSEMENTS


Rides & Attractions


Buy Presale Tickets


Booking a Carnival

# LET'S MAKE SOME MEMORIES

From the excitement of arriving at the Primetime Amusements midway and catching the first glimpse of our exciting rides and smelling fresh spun cotton candy, to your last few moments on the midway when your turning green from riding one-to-many rides at the end of the night, we leave you with you with a memorable trip to the fair!

Our goal is to provide the most fun that any human, extra-terrestrial, or imaginary friend could ever have at the carnival, all whilst doing so with smiling faces. We have over 50+ years of combined experience at helping make magical moments come true.

Rider safety is our single top priority. Our team of expert mechanics, electricians, and supervisors make sure our attractions are



always running in tip–top shape and safe for the
public to ride. They are around night and day, keeping you safe while on our midway.



**FOR BOOKING INFORMATION, CALL**
**(813) 520-9094**

© 2019 Primetime Amusements, LLC. - All rights
reserved.
Web site by Matt's Web Design, Inc.



Be the first of your friends to like this

 **Prime Time Amusements**
on Tuesday

Can't wait to be at the Greater Pee Dee State Fai
else is going to be joining us!?!?! WE'll be kicking
Friday, October 4th!



# Exhibit C





MENU

# BOOKING INFORMATION



## We're Available For Booking!

Primetime Amusements provides complete carnivals for county and state fairs, regional fairs, street festivals, church carnivals, festivals, fundraisers, and more. Let us show how our experience in the amusement industry at providing the right combination of proven rides, games, and food stands affect your event's bottom line.



Our commitment to safety is our single most important priority. Our electricians and mechanics have been carefully selected to include detailed and knowledgeable individuals who know how to properly maintain and inspect amusement rides and devices.

Primetime Amusements currently travels throughout the states of Florida, Georgia, Tennessee, Kentucky, Indiana, and Illinois. We'd love to pencil you into our route!

# Event Booking Inquiry

For more information on booking Primetime Amusements for your next fair, festival, or event, please fill out the form below or call (813) 520–9094:

## Contact Information:

Required forms are highlighted in pink.

| | |
|---:|---|
| Full Name: | |
| E–Mail Address: | |
| Company/Organization: | |
| Address: | |
| City: | |
| State: | *Florida* ⌄ |
| Zipcode: | |
| Phone: | |

## Event Information:

Event Name:

Event Location:

Event Website:

Opening Date:

Closing Date:

Number of years event has been established:

Have you had a carnival before?   ○ Yes   –   ○ No

Estimated Attendance:

Additional Event Details:

What is the best time to contact you?    *Any Time*                    ⌄

I'm not a robot

reCAPTCHA
Privacy - Terms

Submit

Reset Form



FOR BOOKING INFORMATION, CALL
(813) 520-9094

© 2019 Primetime Amusements, LLC. - All rights
reserved.
Web site by Matt's Web Design, Inc.



Prime Time Amusements
Like Page    1K likes

Be the first of your friends to like this



**Prime Time Amusements**
on Tuesday

Can't wait to be at the Greater Pee Dee State Fai
else is going to be joining us!?!?! WE'll be kicking
Friday, October 4th!



# Exhibit D







# Exhibit E

# simply legal

July 16, 2019

*via FedEx*

Primetime Amusements, LLC
1709-A #379 Gornto Rd.
Valdosta, GA 31601
Attn: Joshua Macaroni

**Re:    Cease and Desist**

Dear Mr. Macaroni,

Please be advised that the undersigned represents PrimeTime Entertainment Holdings LLC and its affiliate entities (**"PTA"**). It has come to my client's attention that your company has been using PTA's trademark, PrimeTime Amusements™, without its permission. We are writing to demand that your company immediately cease and desist from using the PrimeTime Amusements™ name. Attached to this letter is a copy of your company's infringing use of my client's mark.

Demand is specifically hereby made that you remove any and all references, including but not limited to websites, webpages, URLs, social media accounts, press releases, blogs, postings or other written or oral communications or dissemination using the PrimeTime Amusements™ name. Your company's use of PTA's trademark is misleading and gives the impression that your company is affiliated with PTA's business. Your immediate cooperation is necessary to resolve this matter.

Since 1992, PTA has been a prominent operator, seller, and event renter of video arcade machines and simulators that has expanded its operations globally. PTA's success is due, in part, to the value of the trademarks under which it brands and develops its arcade operations. PTA has considerable goodwill in its name, which is a valuable asset that must be protected. You are using the PrimeTime Amusements™ name without authorization and doing so is a misrepresentation, creates confusion, and falsely suggests that PTA endorses or somehow sponsors your use of my client's mark.

Your company's unauthorized use of the PrimeTime Amusements™ name is impermissible and my client demands that it immediately cease. This letter serves as notice of violation, after which continued violations will be considered willful. PTA vigorously protects its

rights and is prepared to do so unless within three (3) business days from the date of this letter your organizations confirms that it has ceased and desisted from all current and future uses of the PrimeTime Amusements™ mark.

If we do not receive confirmation of your company's agreement to comply with the above within three (3) days from the date of this communication, my client will exercise any and all legal or equitable remedies available to protect its rights. Nothing herein shall be deemed a waiver of any rights or remedies of PTA, all of which are hereby expressly reserved.

My client expects your prompt cooperation in this matter. Govern yourself accordingly.

Sincerely,

KRISTINA E. WILSON, ESQ.
kristina@simplylegalgroup.com

KEW/LGS
Encls.

CC:     Client

        1008 N. Patterson St.
        Valdosta, GA 31601
        Attn: Gregory A. Voyles

        Primetime Amusements, LLC
        18108 Lithia Ranch Road
        Lithia, FL 33547
        Attn: Joshua Macaroni

Website: http://PrimeTimeamusementsllc.com

Facebook: https://www.facebook.com/Prime-Time-Amusements-168916603793646/

Simply **Legal**
1200 Brickell Avenue, Suite 850, Miami, FL 33131 • Tel (305) 858-6208 • Fax (305) 851-0026





**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning**: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.